# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN SHANNON,<br><br>  Plaintiff,<br><br>  v.<br><br>WINDSOR EQUITY GROUP, INC.,<br><br>  Defendant. | CASE NO. 12cv1124-MMA (JMA)<br><br>**NOTICE AND ORDER PROVIDING TENTATIVE RULINGS RE: DEFENSE COUNSELS' EX PARTE MOTIONS TO WITHDRAW AS COUNSEL FOR DEFENDANT WINDSOR EQUITY GROUP, INC.**<br><br>[Doc. Nos. 53, 57] |

Currently set for hearing before the Court on Monday, March 30, 2015 at 9:00 a.m. are Ellis Law Group, LLP ("ELG") and Kronick, Moskovitz, Tiedemann & Girard's ("KMTG") separate *ex parte* motions to withdraw as counsel for Defendant Windsor Equity Group, Inc.  Having considered the parties' submissions, and in anticipation of Monday's hearing, the Court issues the following tentative rulings:

"An attorney may not withdraw as counsel except by leave of court." *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992); *see also* S.D. Cal. Civ. R. 83.3(g).  The decision to grant or deny a motion for withdrawal is within the court's sound discretion, and courts consider the following factors: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants;

(3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Garrett v. Ruiz*, No. 11cv2540, 2013 WL 163420, *2 (S.D. Cal. Jan. 14, 2013).

The Court tentatively finds that good cause exists for Ellis Law Group, LLP and Kronick, Moskovitz, Tiedemann & Girard to withdraw as counsel for Defendant. It appears that Defendant has consented to the withdrawal of both law firms. *See* Steinheimer Decl. ¶ 3; Coleman Supp. Decl. ¶ 3. Although not dispositive, a client's consent may provide the basis for permissive withdrawal of counsel. *See* Cal. Rule of Professional Conduct 3-700(C)(5) (permitting a member to request permission to withdraw because "[t]he client knowingly and freely assents to termination of the employment"). Additionally, it appears that KMTG has not been involved in litigating this case since June 2012, almost 3 years ago, and ELG has represented to this Court that further representation of Defendant is untenable based on its professional obligations. Although counsels' withdrawal may result in delay of trial, any prejudice to Plaintiff resulting from this minor delay can be mitigated by requiring Defendant to retain new counsel within 21 days or be subject to sanctions, including entry of default judgment. Once new counsel has entered an appearance, the Court will reset the trial date. Finally, the risk of harm to the administration of justice weighs in favor of permitting withdrawal.

Additionally, June Coleman of Kronick, Moskovitz, Tiedemann & Girard may appear telephonically at Monday's hearing. Counsel shall call in to the undersigned's courtroom prior to the 9:00 a.m. hearing.

The Court advises the parties that these rulings are tentative. The Court will entertain additional argument at the hearing on Monday, March 30, 2015.

**IT IS SO ORDERED.**

DATED: March 26, 2015

Hon. Michael M. Anello
United States District Judge